HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES H. BRYAN,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

CASE NO. C13-5934 RBL

ORDER GRANTING MOTION TO DISMISS

[Dkt. #12]

## I. SUMMARY

THIS MATTER is before the Court on Defendant Wal-Mart's Motion to Dismiss [Dkt. #12]. Plaintiff Bryan is a pharmacist formerly employed by Wal-Mart. He is also a self-described former prescription drug addict, and he admits that he was charged with 17 counts of forging prescriptions. He entered and successfully completed a Drug Court rehabilitation program, and the charges were dismissed. He nevertheless surrendered his pharmacy license for five years. The Pharmacy Board conditionally reinstated Bryan's license in July, 2007.

Bryan began working as a Wal-Mart pharmacy intern in September, 2007. He claims he informed Wal-Mart of his prior license suspension, as he was required to do under the terms of

his reinstatement. Bryan was promoted to staff pharmacist[1] in 2008, and he claims he performed his job well and without incident until he was terminated in 2011. Bryan alleges that he was terminated when (and because) Wal-Mart instituted a new "credentialing policy" under which people with any history of adverse pharmacy board action are not eligible for employment. Wal-Mart claims that, at the time of termination, Bryan was still on probation from the Pharmacy Board; a point Bryan concedes.

Bryan sued on behalf of himself and a class of similarly situated Wal-Mart employees across the country, claiming that the Wal-Mart's policy violates the Americans with Disabilities Act, 42 U.S.C. §§12112 and 12114.

Wal-Mart moves to dismiss, arguing that Plaintiff was terminated for forging prescriptions, not because he was disabled.

## II. DISCUSSION

**A. Fed. R. Civ. P. 12(b)(6) Standard.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*

---

[1] Wal-Mart describes his position as "pharmacy technician."

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**B.   Bryan's disparate impact ADA claim is deficient.**

Bryan claims that the Wal-Mart policy has a disparate impact, that the facially neutral Wal-Mart policy had a disproportionate affect on individuals who are disabled within the meaning of the ADA. He claims that the Wal-Mart policy discriminates against people (like him) who are "disabled" due to addiction to alcohol or drugs, and/or have a record of chemical or alcohol dependency, and who have successfully participated in a supervised rehabilitation program. [*See* Dkt. #15]

Wal-Mart's Motion is based on its claim that Bryan has not pled (and cannot plausibly plead) that he is "disabled" within the meaning of the ADA, and, more persuasively, that he was not terminated for being a "recovered or recovering drug addict" but rather because he forged prescriptions and had his license suspended.

1  To establish an ADA claim, a plaintiff must prove that (1) he has a disability, (2) that
2  he was qualified for the job in question, and (3) an adverse employment decision was made
3  based on his disability.  To prove that he was "disabled," a plaintiff must
4  prove he had a physical or mental impairment that substantially limited at least one
5  major life activity.  *See Wellington v. Lyon County Sch. Dist.*, 187 F.3d 1150, 1154 (9th Cir.
6  1999).

7  Wal-Mart argues that Bryan has not claimed[2] that he is disabled, or plausibly alleged that
8  his disability substantially limits any major life activities.  It also claims that Bryan has not
9  plausibly pled that he was "qualified" for the job in question.

10  Bryan's response emphasizes that he is alleging a disparate *impact* claim; that Wal-
11  Mart's facially-neutral policy tends to screen out qualified individuals with disabilities, *i.e.*, those
12  who "have been addicted and who have successfully participated in a supervised rehabilitation
13  program." [*See* Dkt. # 15 at 13].  He points to ADA authority holding, perhaps not surprisingly,
14  that addiction can be a disability, even after rehabilitation.  *See* 42 U.S.C. §21114(b)(1)-(3).

15  But Bryan's second argument—that the issue is *not* whether he was terminated for
16  forging prescriptions and being suspended, but is instead whether Wal-Mart can terminate him
17  on that basis where doing so would screen out a class of disabled persons—is not as viable.

18  Bryan argues that while an employer may take reasonable measures to ensure against
19  theft under 21 U.S.C. §830, that provision should not be read to "trump" the ADA.

---

[2] Wal-Mart also continues to argue that Bryan has not pled that he is disabled.  But the cure for that is not, as Wal-Mart appears to contend, dismissal with prejudice; it is amendment.  Bryan has demonstrated that his rehabilitated addiction can suffice, and he could so plead.  That is not the defect in Bryan's claim.

Wal-Mart's Reply emphasizes that Bryan was terminated because of criminal forgery—not any disability—and that the ADA distinguishes (as it must) between addiction and addiction-related misconduct. It points out that Bryan has not and cannot point to any case supporting his assertion that, under the ADA, a person's addiction disability "trumps" his addition-related misconduct. Indeed, as Wal-Mart argues, the opposite is true. *See Pernice v. Chicago*, 237 F.3d 783 (7th Cir. 2001), citing *Newland v Dalton*, 81 F.32D 904 (9th Cir. 1996).

It is apparent from the Complaint and the materials that Wal-Mart terminated Bryan because he had criminally forged prescriptions, and because that led to the suspension of his pharmacy license. He was not terminated because he was a disabled, rehabilitated drug addict. That termination is not actionable under the ADA, and Bryan cannot amend his complaint to make it so.

The Motion to Dismiss is GRANTED, and Bryan's claims against Wal-Mart are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 4th day of March, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE